537 A.2d 328

**PHILADELPHIA ELECTRIC COMPANY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, et al., Appellants.**

**NORTH PENN WATER AUTHORITY and North Wales Water Authority**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, et al., Appellants.**

No. 101 E.D. Appeal Dkt. 1987.

Supreme Court of Pennsylvania.

Argued Dec. 10, 1987.

Decided Feb. 2, 1988.

Louise S. Thompson, Philadelphia, for appellants.

Jeremiah J. Cardamone, Ambler, for North Penn & North Wales Water Authorities.

Robert J. Sugarman, Philadelphia, for intervenor—Del-Aware.

Bernard Chanin, Philadelphia, for P.E.C.O.

Gordon Gerber, Philadelphia, for Neshaminy Water Resources Authority.

Richard M. Rosenbleeth, Philadelphia, for intervenor—Bucks County.

James M. McNamara, Doylestown, Bucks County City Sol.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

Pending exhaustion of any administrative remedies, Appellees are permitted to continue construction of the Point Pleasant Water Diversion Project pursuant to permits as extended by the Department of Environmental Resources. The DER imposed condition prohibiting any construction under the permits during the period of extension is stayed until further order of the Court.

McDERMOTT, J., did not participate in this matter.

NIX, C.J., files a dissenting statement.

FLAHERTY, J., files a dissenting statement in which he joins the dissenting statement of NIX, C.J.

NIX, Chief Justice, dissenting.

In view of the public interests involved in this case, it is my judgment that the order entered this day by the Court is ill-advised. Although our remand order of September 30, 1987, involved only certain aspects of the entire water project, it is conceivable that the Board's further consideration of those aspects could affect the administrative percep-

tion of other portions. For us to declare, here and now, that the Philadelphia Electric Company may proceed with construction as to any part of the project is to curtail the discretion of the administrative agency involved. I would, therefore, deny the Petition for Clarification and/or Reconsideration because our order of September 30, 1987, and the order reinstating it, are as clear as the circumstances and posture of the case demand.

FLAHERTY, J., joins in this dissenting statement.

FLAHERTY, Justice, dissenting.

I join the dissenting statement filed by the Chief Justice, but would further impose a requirement that the Board act within thirty (30) days.